UNITED STATES DISTRICT
COURT NORTHERN DISTRICT
OF OHIO EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | MDL 2804<br>Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: | ) ) | Judge Dan Aaron Polster |
| CONFEDERATED TRIBES OF THE UMATILLA INDIAN RESERVATION<br><br>v.<br><br>PURDUE PHARMA L.P. ET AL. | ) ) ) ) ) ) | TRIBAL PLAINTIFFS' SHORT FORM FOR SUPPLEMENTING COMPLAINT AND AMENDING DEFENDANTS AND JURY DEMAND |

Case 1:18-op-45541

Plaintiff submits this supplemental pleading and Amended Complaint incorporating as if fully set forth herein its own prior pleadings and, if indicated below, the common factual allegations identified and the RICO causes of action included in *Muscogee (Creek) Nation's* First Amended Complaint, (Doc. 731, 1:17-md-02804) and *The Blackfeet Tribe of the Blackfeet Indian Reservation's* Corrected First Amended Complaint (Redacted), (Doc. 9, 18-op-45749), both as pleaded and as may be amended in the future ("Tribal Bellwether Plaintiffs' pleadings"), and any additional claims asserted herein. Plaintiff also hereby amends its complaint to alter the defendants against which claims are asserted as identified below. To the extent defendants were previously sued in plaintiff(s)' existing complaint and they are no longer identified as defendants herein, they have been dismissed without prejudice except as limited by CMO-1, Section 6(e). Doc. #: 232.

### INCORPORATION BY REFERENCE OF EXISTING COMPLAINT

1. Plaintiff(s)' Existing Complaint (No. 1:18 -op- 45541 , Doc. #: 1 ) is expressly incorporated by reference to this Short Form as if fully set forth herein except to the extent that allegations regarding certain defendants that are not listed in section 2 below are dismissed without prejudice.

## PARTIES - DEFENDANTS

2. Having reviewed the relevant ARCOS data, Plaintiff asserts claims against the following Defendants:

PURDUE PHARMA L.P.; PURDUE PHARMA INC.; THE PURDUE FREDERICK COMPANY; CEPHALON, INC.; TEVA PHARMACEUTICAL INDUSTRIES, LTD.; TEVA PHARMACEUTICALS USA, INC.; JANSSEN PHARMACEUTICALS, INC.; JOHNSON & JOHNSON; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA, INC.; ENDO HEALTH SOLUTIONS INC.; ENDO PHARMACEUTICALS INC.; ALLERGAN PLC; ACTAVIS PLC; WATSON PHARMACEUTICALS, INC.; WATSON LABORATORIES, INC.; ACTAVIS PHARMA, INC.; WATSON PHARMA, INC.; ACTAVIS LLC; MALLINCKRODT PLC; MALLINCKRODT LLC; SPECGX, LLC; PAR PHARMACEUTICAL, INC; PAR PHARMACEUTICAL COMPANIES, INC. F/K/A PAR PHARMACEUTICAL HOLDINGS, INC.; MYLAN PHARMACEUTICALS, INC.; MYLAN INC.; MYLAN INSTITUTIONAL INC; AMNEAL PHARMACEUTICALS INC.; MCKESSON CORP.; CARDINAL HEALTH, INC.; AMERISOURCEBERGEN CORP.; ANDA, INC.; WALMART, INC.; THRIFTY PAYLESS, INC.; ASSOCIATED PHARMACIES, INC.; JOHN KAPOOR; RICHARD S. SACKLER; JONATHAN D. SACKLER; MORTIMER D.A. SACKLER; KATHE A. SACKLER; ILENE SACKLER LEFCOURT; BEVERLY SACKLER; THERESA SACKLER; DAVID A. SACKLER; TRUST FOR THE BENEFIT OF MEMBERS OF THE RAYMOND SACKLER FAMILY a/k/a THE "RAYMOND SACKLER TRUST"; RHODES TECHNOLOGY; RHODES TECHNOLOGY, INC.; RHODES PHARMACEUTICALS, L.P.; RHODES PHARMACEUTICALS, INC. and THE P.F. LABORATORIES, INC.

I, Leslie W. O'Leary, **Counsel for Plaintiff(s) certify that in identifying all Defendants, I have followed the procedure approved by the Court and reviewed the ARCOS data that I understand to be relevant to Plaintiff(s).**

**I further certify that, except as set forth below, each of the Defendant(s) newly added herein appears in the ARCOS data I reviewed.**

**I understand that for each newly added Defendants not appearing in the ARCOS data I must set forth below factual allegations sufficient to state a claim against any such newly named Defendant that does not appear in the ARCOS data.**

**The following newly added Defendant(s)** *do not appear* **in the ARCOS data I reviewed:**

JOHN KAPOOR; RICHARD S. SACKLER; JONATHAN D. SACKLER; MORTIMER D.A. SACKLER; KATHE A. SACKLER; ILENE SACKLER LEFCOURT; BEVERLY SACKLER; THERESA SACKLER; DAVID A. SACKLER; TRUST FOR THE BENEFIT OF MEMBERS OF THE RAYMOND SACKLER FAMILY a/k/a THE "RAYMOND SACKLER TRUST"; RHODES TECHNOLOGY; RHODES TECHNOLOGY, INC.; RHODES PHARMACEUTICALS, L.P.; RHODES PHARMACEUTICALS, INC. and THE P.F. LABORATORIES, INC.

Dated: 08/06/2019          Signed: s/ Leslie W. O'Leary

3

Factual Allegations Regarding Individual Defendants

    2.1

Defendants SPECGX, LLC; PAR PHARMACEUTICAL, INC; PAR PHARMACEUTICAL COMPANIES, INC. F/K/A PAR PHARMACEUTICAL HOLDINGS, INC.; MYLAN PHARMACEUTICALS, INC.; MYLAN INC.; MYLAN INSTITUTIONAL INC; AMNEAL PHARMACEUTICALS INC.; ANDA, INC.; WALMART INC.; THRIFTY PAYLESS, INC.; ASSOCIATED PHARMACIES, INC.; JOHN KAPOOR; RICHARD S. SACKLER; JONATHAN D. SACKLER; MORTIMER D.A. SACKLER; KATHE A. SACKLER; ILENE SACKLER LEFCOURT; BEVERLY SACKLER; THERESA SACKLER; DAVID A. SACKLER; TRUST FOR THE BENEFIT OF MEMBERS OF THE RAYMOND SACKLER FAMILY; RHODES TECHNOLOGY; RHODES TECHNOLOGIES, INC.; RHODES PHARMACEUTICALS, L.P.; RHODES PHARMACEUTICALS, INC. and THE P.F. LABORATORIES, INC. are hereby added as Defendants based on the following factual and jurisdictional allegations:

    2.2

Defendant SPECGX, LLC ("SpecGx") is a Delaware limited liability company with its headquarters in Clayton, Missouri and is a wholly owned subsidiary of Defendant Mallinckrodt PLC. SpecGx is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributer. SpecGx distributed opioids, in violation of the duties owed to plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Based on the ARCOS data made available to Plaintiff, drugs sold and manufactured by SpecGx represent a substantial market share in Plaintiff's jurisdiction. SpecGx is sued as a Manufacturing Defendant.

2.3     Defendant **PAR PHARMACEUTICAL, INC.** is a Delaware corporation with its principal place of business located in Chestnut Ridge, New York.  Par Pharmaceutical, Inc. is a wholly-owned subsidiary of Defendant **PAR PHARMACEUTICAL COMPANIES, INC. F/K/A PAR PHARMACEUTICAL HOLDINGS, INC.**  Defendant **PAR PHARMACEUTICAL COMPANIES, INC.** is a Delaware corporation with its principal place of business located in Chestnut Ridge, New York. (Par Pharmaceutical, Inc., and Par Pharmaceutical Companies, Inc., collectively "Par Pharmaceutical") was acquired by Defendant Endo International plc in September 2015 and is an operating company of Endo International plc. Par Pharmaceutical is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor.  Par Pharmaceutical distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries.  Based on the ARCOS data made available to Plaintiff, drugs sold and manufactured by Par Pharmaceutical represent a substantial market share in Plaintiff's jurisdiction. Par Pharmaceutical is being sued as a Manufacturing Defendant.

2.4     Defendant **MYLAN PHARMACEUTICALS, INC.** is a West Virginia corporation with its principal place of business in Canonsburg, Pennsylvania and is a wholly-owned subsidiary of MYLAN INC.

2.5     Defendant **MYLAN INC.,** formally known as Mylan Laboratories, Inc. is a Pennsylvania corporation with its principal place of business in Canonsburg, Pennsylvania and is indirectly wholly owned by Mylan N.V., a publicly-held company.

2.6     Defendant **MYLAN INSTITUTIONAL INC.** is an Illinois corporation with its principal place of business in Canonsburg, Pennsylvania and is a wholly-owned subsidiary of Mylan Inc. Mylan Institutional Inc.

2.7     Defendants **MYLAN PHARMACEUTICALS, INC., MYLAN INC. and MYLAN INSTITUTIONAL INC.** are referred to collectively as "Mylan."  Mylan manufactures, promotes, distributes and/or sells opioids nationally, including many Schedule II controlled substances such as Oxycodone and Propoxy-N.  Mylan is registered to conduct business and/or conducts business in Plaintiff's community.  At all relevant times, Mylan has packaged, distributed, supplied, sold, and otherwise placed into the stream of commerce, both nationwide and in this jurisdiction, opioid drugs. Mylan has also labeled, described, marketed, advertised, promoted and purported to warn or purported to inform prescribers and users regarding the benefits and risks associated with the use of prescription opioid drugs. Mylan manufactured and sold prescription opioids without fulfilling its legal duty to prevent diversion and report suspicious orders. Based on the ARCOS data made available to Plaintiff, drugs sold and manufactured by Mylan represent a substantial market share in Plaintiff's jurisdiction.  Mylan is sued as a Manufacturing Defendant.

2.8     Defendant **AMNEAL PHARMACEUTICALS INC.** ("Amneal") is a Delaware corporation with its principal place of business located in Bridgewater, New Jersey. At all relevant times, Amneal has packaged, distributed, supplied, sold, and otherwise placed into the

stream of commerce, both nationwide and in Plaintiff's jurisdiction, opioid drugs. Amneal has also labeled, described, marketed, advertised, promoted and purported to warn or purported to inform prescribers and users regarding the benefits and risks associated with the use of prescription opioid drugs. Further, Amneal manufactured and sold prescription opioids without fulfilling its legal duty to prevent diversion and report suspicious orders.  Based on the ARCOS data made available to Plaintiff, drugs sold and manufactured by Amneal represent a substantial market share in Plaintiff's jurisdiction. Amneal is being sued as a Manufacturing Defendant.

2.9     Defendant **ANDA, INC.** ("Anda"), is a Florida corporation with its principal place of business in Weston, Florida.  Anda is registered to conduct business and/or conducts business in Plaintiff's community.  Through its various DEA registrant subsidiaries and affiliated entities, Anda is the fourth largest distributor of generic pharmaceuticals in the United States. In October 2016, Defendant TEVA PHARMACEUTICALS USA, INC. acquired Anda for $500 million in cash. Anda distributes pharmaceuticals, including opioid pain medications, to retail pharmacies and institutional providers in all 50 states, including in Plaintiffs' state.  Based on the ARCOS data made available to Plaintiff, drugs distributed by Anda represent a substantial market share in Plaintiff's jurisdiction. Anda is being sued as a Distributor Defendant.

2.10    Defendant **WALMART INC.** ("Walmart") formerly known as Wal-Mart Stores, Inc., is a Delaware corporation with its principal place of business in Bentonville, Arkansas. Walmart operates five Pharmacy Distribution Centers. Walmart is registered to conduct business and/or conducts business in Plaintiffs' community.  Walmart distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Based on the ARCOS data made available to Plaintiff, drugs distributed by Walmart represent a substantial market share in Plaintiff's jurisdiction.  Walmart is sued as both a Distributor Defendant and as a National Retail Pharmacy Defendant.

2.11    Defendant **THRIFTY PAYLESS, INC.** ("Thrifty") is a California corporation with its principal office in located in Camp Hill, Pennsylvania and is a subsidiary of Rite Aid Corporation. Thrifty Payless, Inc. conducts business as a licensed wholesale distributor and distributes pharmaceutical drugs in Plaintiff's Community. Thrifty Payless, Inc. distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries.  Based on the ARCOS data made available to Plaintiff, drugs distributed by Thrifty represent a substantial market share in Plaintiff's jurisdiction. Thrifty Payless, Inc. is sued as a Distributor Defendant and as a National Retail Pharmacy Defendant.

2.12    Defendant **ASSOCIATED PHARMACIES, INC.** ("API") is an Alabama corporation with its principal place of business located at 211 Lonnie East Crawford Blvd., Scottsboro, Alabama 35769.  API is a wholly owned, warehouse subsidiary of American Associated Pharmacies, Inc.("AAP") API is AAP's distribution operation, offering brand, generic and select over the counter drugs at competitive prices.  At all times relevant to this Complaint, API distributed prescription opioids throughout the United States, including in the State and Plaintiff's Community specifically. Based on the ARCOS data made available to Plaintiff, drugs

distributed by API represent a substantial market share in Plaintiff's jurisdiction. API is sued as a Distributor Defendant.

2.13   Defendant **JOHN KAPOOR** ("Kapoor"), is a natural person residing in Arizona. Kapoor is the founder, former Chairman of the board of directors, and Chief Executive Officer ("CEO") of Insys Therapeutics, Inc. He remains the majority stockholder of the company. Insys Therapeutics filed for Chapter 11 Bankruptcy protection on June 10, 2019. Kapoor was indicted in Boston federal court on October 24, 2017 on charges of conspiracies to commit racketeering pursuant to 18 U.S.C. §1962(d), mail fraud pursuant to 18 U.S.C. §1349, wire fraud pursuant 18 U.S.C. §1349 and violate the Anti-Kickback Law pursuant to 18 U.S.C. §371. The indictment arose from the practice of Insys paying kickbacks to doctors to write large numbers of prescriptions, which, upon information and belief, was devised by Individual Defendant Kapoor, along with other Insys executives.

2.14   Defendant, **RICHARD S. SACKLER**, is a natural person residing in Travis County, Texas. He is the son of Purdue founder Raymond Sackler and, beginning in the 1990's, served as a member of the board of directors of Purdue and Purdue-related entities.

2.15   Defendant, **JONATHAN D. SACKLER**, is a natural person residing in Fairfield County, Connecticut. He is the son of Purdue founder Raymond Sackler and has been a member of the board of directors of Purdue and Purdue-related entities since the 1990's.

2.16   Defendant, **MORTIMER D.A. SACKLER**, is a natural person residing in New York County, New York. He is the son of Purdue founder Mortimer Sackler.  Mortimer D.A. Sackler and has been a member of the board of directors of Purdue and Purdue-related entities since the 1990's.

2.17   Defendant, **KATHE A. SACKLER**, is a natural person residing in Fairfield County, Connecticut. She is the daughter of Purdue founder Mortimer Sackler and has served as a member of the board of directors of Purdue and Purdue-related entities since the 1990's.

2.18   Defendant, **ILENE SACKLER LEFCOURT**, is a natural person residing in New York County, New York. She is the daughter of Purdue founder Mortimer Sackler and has served as a member of the board of directors of Purdue and Purdue-related entities since the 1990's.

2.19   Defendant, **BEVERLY SACKLER**, is a natural person residing in Fairfield County, Connecticut.  She is the widow of Purdue founder Raymond Sackler and has served as a member of the board of directors of Purdue and Purdue-related entities since the 1990's.

2.20   Defendant, **THERESA SACKLER**, is a natural person residing in New York County, New York. She is the widow of Purdue founder Mortimer Sackler and has served as a member of the board of directors of Purdue and Purdue-related entities since the 1990's.

2.21   Defendant, **DAVID A. SACKLER**, is a natural person residing in New York County, New York. He is the son of Richard Sackler (and the grandson of Raymond Sackler) and has served as a member of the board of directors of Purdue and Purdue-related entities since the 2012.

2.22     Defendant, **TRUST FOR THE BENEFIT OF MEMBERS OF THE RAYMOND SACKLER FAMILY** (the "Raymond Sackler Trust"), is a trust of which Defendants, Beverly Sackler, Richard S. Sackler and/or Johnathan D. Sackler are trustees. It is the 50% direct or indirect beneficial owner of Purdue and Purdue related entities and the recipient of 50% of the profits from the sale of opioids by Purdue and Purdue-related entities.

2.23     Defendants, Richard S. Sackler, Jonathan D. Sackler, Mortimer D.A. Sackler, Kathe A. Sackler, Ilene Sackler Lefcourt, Beverly Sackler, Theresa Sackler, David A. Sackler and the Trust for the Benefit of the Members of the Raymond Sackler Family will hereinafter be collectively referred to as the "Sacklers" or the "Sackler Defendants". The Sacklers are included collectively in the term "Purdue", and collectively in the allegations, claims and causes of action against Purdue as a Manufacturer Defendant described in the original complaint.

2.24     Defendant, **RHODES TECHNOLOGY** ("Rhodes Tech") is a Delaware general partnership formed on April 12, 2005 with its principal place of business in Coventry, Rhode Island. At all times relevant hereto Rhodes Tech or its predecessor has manufactured and supplied Purdue with oxycodone, the active pharmaceutical ingredient in OxyContin for use in the manufacture of pharmaceutical preparations.

2.25     Defendant, **RHODES TECHNOLOGY, INC.** ("Rhodes Tech Inc.") is a Delaware corporation formed on January 28, 1999 with its principal place of business in Coventry, Rhode Island. Rhodes Tech Inc. is a general partner of Rhodes Tech. At all times relevant hereto, Rhodes Tech Inc. has manufactured and supplied Purdue with oxycodone, the active pharmaceutical ingredient in Oxycontin for use in the manufacture of pharmaceutical preparations or has managed Rhodes Tech or its predecessor in doing so.

2.26     Defendant, **RHODES PHARMACEUTICALS, L.P.** ("Rhodes Pharma") is a Delaware limited partnership formed on November 9, 2007 with its principal place of business in Coventry, Rhode Island. At all times relevant hereto, Rhodes Pharma has marketed a generic form of Oxycontin which is manufactured by Purdue Pharmaceuticals, L.P. ("PPNC"), a Delaware limited partnership, which is a subsidiary of Defendant Purdue Pharma L.P. and which owns and operates a pharmaceutical manufacturing facility in Wilson, North Carolina.

2.27     Defendant, **RHODES PHARMACEUTICALS, INC.** ("Rhodes Pharma, Inc.") is a New York corporation formed on November 9, 2007. Rhodes Pharma, Inc. is a general partner of Rhodes Pharma. At all times relevant hereto, Rhodes Pharma, Inc. has marketed a generic form of Oxycontin which is manufactured by PPNC.

2.28     Rhodes Tech, Rhodes Tech Inc., Rhodes Pharma and Rhodes Pharma Inc. together are referred to herein as the "Rhodes Defendants".

2.29     Defendant, **THE P.F. LABORATORIES, INC.** ("PF Labs") is a New Jersey corporation with its principal place of business in Totowa, New Jersey. It was, at all relevant times, engaged in the business of manufacturing Oxycontin for Purdue. At all times, PF Labs has been beneficially owned, managed, and controlled by Defendant Sackler Family members.

2.30    The Rhodes Defendants and PF Labs Defendants, along with the Sacklers, may be referred to as "Purdue Related Persons and/or Entities".

2.31    Any and all allegations against Defendant Purdue in the Plaintiff's original Complaint is expressly incorporated by reference to this Short Form Complaint as if fully set forth herein and shall specifically include the Sacker Defendants, the Rhodes Defendants and PF Labs.

2.32    As a members of the Board of Directors of the Purdue and Rhodes entities, the Sacklers oversaw all aspects of marketing and promotion of opioid products. As board members who were personally active in directing Purdue's operations, the Sackler Defendants knew, or should have known, of the deceptive marketing tactics of their opioid products.

2.33    The Sackler Defendants were also aware of specific examples of deceptive marketing through receipt of call note reviews in their capacity as board members. On information and belief, as board members, the Sacklers received reports of opioid overdoses and reports of misuse and abuse. Adverse event reports circulated to the Sacklers included reports of abuse, addiction, withdrawal, overdoses, and deaths from OxyContin.

2.34    The Sackler Defendants were personally aware that: (1) OxyContin was being prescribed without proper care; (2) OxyContin was widely abused, including orally, and not just through snorting or injecting; (3) Purdue failed to adequately disclose the risks of abuse and diversion; and (4) OxyContin was wrongly, and dangerously, perceived as safer than morphine.

2.35    By 2006, prosecutors found damning evidence that Purdue intentionally deceived doctors and patients about its opioids. The Sacklers voted that the Purdue Frederick Company should plead guilty to a felony for misbranding OxyContin as less addictive, less subject to abuse and diversion, and less likely to cause adverse events and side effects than other pain medications.

2.36    The Sackler Defendants, as members of the family that owns Purdue, personally benefitted from the success of OxyContin. At various points, as directors, they approved the distribution of funds from Purdue to shareholders, including themselves and their extended family.

2.37    The Sackler Defendants were aware since at least 1999 of potential liability for Purdue because of the addictive nature of Oxycontin. With the intention of shielding from creditors the proceeds of their wrongdoing, the Sackler Defendants have stripped Purdue and the Purdue-related entities each and every year of hundreds of millions of dollars of profits from the sale of Oxycontin and other opioid-containing medications, including a generic form of Oxycontin sold by Defendant, Rhodes Pharma. All such transfers were and are fraudulent and all such transferred funds should be clawed back from the Sackler Defendants in order to satisfy the opioid related liabilities of the companies from which they were transferred.

## COMMON FACTUAL ALLEGATIONS

3. By checking the boxes in this section, Plaintiff hereby incorporates by reference to this document the common factual allegations set forth in the *Tribal Bellwether Plaintiffs'* Pleadings as identified in the Court's Order implementing the Tribal Plaintiff Short Form procedure. Doc. # 1729 and Doc. # 1742.

*Muscogee (Creek) Nation's* **First Amended Complaint, (Doc. 731, 1:17-md-02804):**

- ✔ Common Factual Allegations (¶¶96-98)
- ✔ Common Factual Allegations - Marketing Manufacturers (¶¶99-156)
- ✔ Common Factual Allegations - Generic Marketing Manufacturers (¶¶157-161)
- ✔ Common Factual Allegations - Diversion Defendants (¶¶162-165)
- ✔ Common Factual Allegations - Diversion Defendants and Distributor Defendants (¶¶166-169, 200-211)
- ✔ Common Factual Allegations - Distributor Defendants (¶¶212-223, 230-236)
- ✔ Common Factual Allegations - Pharmacy Defendants (¶¶170-177, 237-262)
- ✔ Common Factual Allegations - Diversion Manufacturer Defendants (¶¶224-229)
- ✔ Common Factual Allegations – RICO Marketing Enterprise (¶¶295-328)
- ✔ Common Factual Allegations - RICO Supply Chain Enterprise (¶¶329-352)

*The Blackfeet Tribe of the Blackfeet Indian Reservation's* **Corrected First Amended Complaint (Redacted), (Doc. 9, 18-op-45749):**

- ✔ Common Factual Allegations (¶¶99-143, 480-585, 636-650, 721-735)
- ✔ Common Factual Allegations - Marketing Defendants (¶¶144-468, 701-720, 736-763)
- ✔ Common Factual Allegations - Distributor Defendants (¶¶469-473)
- ✔ Common Factual Allegations - Supply Chain Defendants (¶¶474-479)
- ✔ Common Factual Allegations - National Retail Pha1macy Defendants (¶¶586-635)
- ✔ Common Factual Allegations - RICO Marketing Enterprise (¶¶764-798)
- ✔ Common Factual Allegations - RICO Supply Chain Enterprise (¶¶799-827)

4. If additional claims are alleged below that were not pled in Plaintiff's Existing Complaint (other than the RICO claims asserted herein), the facts supporting those allegations must be pleaded here. Plaintiff(s) assert(s) the following additional facts to support the claim(s) identified in Paragraph 6 below (below or attached):

## CLAIMS

5. The following federal **RICO causes of action** asserted in the *Tribal Bellwether* Plaintiffs' Pleadings as identified in the Court's implementing order and any subsequent amendments, are incorporated in this Short Form by reference, in addition to the causes of action already asserted in the Plaintiff(s);s Existing complaint (check all that apply):

☑ First Claim for Relief - Violation of RICO, 18 U.S.C. § 1961 *et seq*. - Opioid Marketing Enterprise (Against the "Marketing Manufacturer Defendants") (*Muscogee (Creek)* Pleadings, Paragraphs 353-379)

☑ First Claim for Relief - Violation of RICO, 18 U.S.C. § 1961 *et seq*. - Opioid Marketing Enterprise (Against Defendants Purdue, Cephalon, Janssen, Endo and Mallinckrodt (the "RICO Marketing Defendants")) (*Blackfeet* Pleadings, Paragraphs828-855)

☑ Second Claim for Relief - Violation of RICO, 18 U.S.C. § 1961 *et seq*. - Opioid Supply Chain Enterprise (Against All Defendants) (*Muscogee (Creek)* Pleadings, Paragraphs 380-408)

☑ Second Claim for Relief - Violation of RICO, 18 U.S.C. § 1961 *et seq*. - Opioid Supply Chain Enterprise (Against Defendants Purdue, Cephalon, Endo, Mallinckrodt, Actavis, McKesson, Cardinal, and AmerisourceBergen (the "RICO Supply Chain Defendants")) (*Blackfeet* Pleadings, Paragraphs 856-887)

6. Plaintiff asserts the following **additional claims** as indicated (below or attached):

8

7. To the extent Plaintiff(s) wish(es) to **dismiss claims** previously asserted in Plaintiff(s)'s Existing Complaint, they are identified below and will be dismissed without prejudice.

Third Claim for Relief - Lanham Act 15 U.S.C. §1125(a)(1)(B)

WHEREFORE, Plaintiff(s) prays for relief as set forth in the *Tribal Bellwether* Pleadings in *In Re National Prescription Opiate Litigation* in the United States District Court for the Northern District of Ohio, MDL No. 2804 and in Plaintiff's Existing Complaint as has been amended herein.

Dated: 08/12/2019            Leslie W. O'Leary
                                               *Attorney for Plaintiff(s)*